LOUIS KAMPER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6100.   Promulgated December 17, 1928.

*Edward M. Stradley, C. P. A., Harry W. Mellen, C. P. A.,* and *Charles A. Bonsteel, Esq.,* for the petitioner.
*J. E. Marshall, Esq.,* for the respondent.

OPINION.

SIEFKIN: The petitioner contends that the respondent erred in computing the tax upon the accrual method of accounting, instead of on the cash receipts and disbursements basis. As a result of the use of such method, petitioner alleges his income was erroneously increased by the amount of $16,751.67.

Section 212 (b) of the Revenue Act of 1921 provides:

The net income shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer * * *.

The books of account are in evidence and we are well satisfied from them and from the other evidence that the petitioner employed the accrual method of accounting in the taxable year and in the preceding year. It follows that the respondent has not erred in computing the tax upon the accrual basis. The petitioner further urges, in his brief, that in substance an amount of $16,358 income accrued upon the books as " work in process " but not billed to clients at the end of the taxable year should not be included in income even if he was upon the accrual basis, because it was not due and payable. There is no evidence that it was not due and payable and therefore correctly accrued.

The petitioner contends that an amount of $3,000 collected in cash by petitioner in 1922 in part payment of an account receivable has been included in income twice by the respondent.

We have found as a fact that the petitioner's books of account were kept upon the accrual basis in the year 1921. This item represents income earned and accrued upon the books in 1921, and we see no reason for presuming that it was omitted from the return for 1921. We conclude that it was not income in 1922.

*Judgment will be entered under Rule 50.*